## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MATHEW JAMES PACO,<br><br>              Plaintiff,<br><br>     vs.<br><br>AVERY LEE SANTOS,<br><br>           Defendant. | DOMESTIC CASE NO. DM0867-12<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 24, 2019, upon the Plaintiff's Motion to Modify Child Custody and Support filed July 3, 2019. Plaintiff Mathew James Paco ("Plaintiff") was present with counsel, Attorney Nicole Cruz. The Defendant Avery Lee Santos ("Defendant") was neither present nor represented by legal counsel[1]. Having reviewed the pleadings and arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

In this matter the parties have one (1) minor child together, I.J.P. (DOB: 07/07/06), now fourteen (14) years old. Pursuant to the parties' Stipulated Interlocutory Decree of Divorce, incorporated into the Final Decree of Divorce entered on January 20, 2015, the Court granted the parties joint legal and physical custody of the minor child, with alternating physical custody every week, with exchange of the child to occur at 6:00 p.m. every Sunday.

---

[1] Defendant was previously represented by Attorney Anthony C. Perez. On March 11, 2016, Attorney Perez moved to withdraw as counsel and the Court granted the motion on July 6, 2016.

On July 3, 2019, the Plaintiff filed the instant Motion to Modify Child Custody and Support seeking sole legal and physical custody of the parties' minor child. Specifically, the Plaintiff argues that the current custodial order of alternating weekly custody no longer serves the best interest of I.J.P, and that a substantial change in circumstances exists to warrant such modification. The Plaintiff also requests that the Court consider conducting an *in camera* interview with I.J.P. given her maturity level and desire to be in the primary custody of the Plaintiff. I.J.P. has been in the sole custody of the Plaintiff since March 26, 2019[2].

On August 13, 2019, the Defendant was personally served with the instant motion. The Defendant, however, did not file an Opposition or otherwise respond. On October 24, 2019, a hearing was held on the instant motion. The Defendant was not present. According to the Affidavit of Non-Service filed on October 23, 2019, service of the Notice of Hearing was attempted at the Defendant's last known residence. However, according to the Defendant's mother, the Defendant no longer lives at that residence and her whereabouts are currently unknown. The Court notes that the Defendant last appeared in this matter on December 5, 2018, before Child Support Referee B. Ann Keith for a status hearing.

Nonetheless, at the conclusion of the hearing, the Court took the Plaintiff's Motion to Modify Child Custody and Support under advisement.

## DISCUSSION

When the Court analyzes a dispute regarding the custody of a minor child, "the court may, during the minority of the child, make such order for the custody of such minor child as may seem necessary or proper." 19 G.C.A. § 8404. The primary consideration when determining child custody is the best interests of the child. Lanser v. Lanser, 2003 Guam 14 ¶ 16. Custody awards are subject to modification whenever the best interest of the child require or justify a modification or change. 19 G.C.A. § 8404(f) (2005). Once a court finds that a change in custody is necessary, the sole issue before the court is "determining the best interests of the

---

[2] On July 1, 2019, the Office of the Attorney General Child Support Enforcement Division filed a Motion to Suspend Child Support for the reason that Plaintiff has had custody of the minor child since March 26, 2019. The Plaintiff filed his non-opposition on July 23, 2019. The Defendant did not oppose or otherwise respond. On July 28, 2019, the Court granted the motion and suspended child support in this matter effective April 1, 2019.

children, not the children and their mother, and not the children and their father." Lanser v. Lanser, 2003 Guam 14 ¶ 16. It is legislative policy that children spend as much time with each of their parents as possible, when the parents are not living together, subject to the condition that this must be in the best interests of the child. See 19 G.C.A. § 8404(h)(1) (2005). Under Guam law, there is a preference for both joint legal and joint physical custody arrangements, but the preference for joint custody is always secondary to the best interests of the children. See e.g. Howerton v. Howerton, 2004 Guam 8 ¶ 14.

Here, the Court finds that it is in the minor child's best interest to modify the current custody arrangement and award the Plaintiff sole physical custody of I.J.P. The Court acknowledges that the Plaintiff has been the primary supporter and caretaker of I.J.P. since March 26, 2019, and that the Plaintiff has provided and continues to provide for the financial and overall wellbeing of the child. The Court is also mindful that the Defendant has failed to respond to the Plaintiff's motion despite having been served and made aware of the instant custody and support proceedings. Currently, the Defendant's residence and whereabouts remain unknown. Further, the Court finds the allegations of family violence in this matter concerning. In his motion, the Plaintiff recalls an incident in or around September 2018, when I.J.P. informed him of a report filed by her school to Child Protective Services indicating that I.J.P. had incurred bruising while in the custody of the Defendant. Additionally, the Plaintiff alerts the Court to a family violence case in Criminal Case No. CF0320-19, against the Defendant's current boyfriend, wherein the Defendant is the named victim of multiple counts of felony family violence. Thus, in order to ensure the safety, stability, and overall wellbeing of I.J.P., the Court finds that it is in the child's best interest to modify the current custodial order, such that the Plaintiff shall have sole physical custody of I.J.P. The Court believes that, at this time, the Plaintiff is in the best position to safeguard the physical and financial wellbeing of the parties' child. Thus, the Court hereby **GRANTS** the Plaintiff's Motion to Modify Custody and awards the Plaintiff sole physical custody of I.J.P., with the Defendant having reasonable weekend visitation. The parties however, shall continue to share joint legal custody of I.J.P. Accordingly,

having granted the Plaintiff's motion, the Court need not conduct an *in camera* interview with the minor child.

The Court enjoins the parties from making any negative or disparaging remarks about the other parent or allowing any third-party to do so in the presence of the minor child. Neither party shall discuss custody or court-related issues around the minor child, unless directed to do so by the Court.

Finally, as a result of the Court's modification of the instant custodial order, the Court finds that there is substantial and material change in circumstance to also modify child support in this matter. See 5 G.C.A. § 34121. Thus, the Child Support Referee shall modify the current child support in accordance with the Guam Child Support Guidelines to reflect the change in circumstances.

<strong><u>CONCLUSION AND ORDER</u></strong>

For the reasons set forth above, the Plaintiff's Motion to Modify Child Custody and Support is hereby **GRANTED**. Accordingly, the Plaintiff shall have sole physical custody of I.J.P., with the Defendant having reasonable weekend visitation. The parties shall decide and agree upon a weekend visitation schedule. If the parties cannot come to an agreement, the parties may seek a determination from the Court. Finally, the Child Support Referee shall modify the current child support in accordance with the Guam Child Support Guidelines to reflect the change in circumstances.

**IT IS SO ORDERED** _____ JAN 1 0 2020 _____.

SERVICE VIA COURT

I acknowledge that a copy of t
original hereto was placed in th
court box of:

Date: 1/10/20 Time: 1 m

Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**